# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | | |
|---|---|---|
| DEMETRIUS TRE WILLIAMS, | ) | |
| Petitioner, | ) ) ) | CASE NO. C08-1488-JCC-BAT |
| v. | ) ) | |
| WASHINGTON STATE PENITENTIARY, | ) ) ) | REPORT AND RECOMMENDATION |
| Respondent. | ) ) | |

On October 7, 2008, petitioner submitted to this Court for review a petition for writ of habeas corpus under 28 U.S.C. § 2254. In his petition, petitioner identified the conviction under attack as a May 2004 Snohomish County Superior Court conviction for which a sentence of 43 months was imposed. After reviewing the petition, this Court determined that the petition was deficient because petitioner had not demonstrated that he was "in custody" for purposes of the conviction he sought to challenge and because petitioner had not named a proper respondent. Thus, on October 27, 2008, this Court issued an order declining to serve petitioner's federal habeas petition and granting him leave to amend his petition to correct the specified deficiencies. Petitioner was given thirty days to file any amended petition.

REPORT AND RECOMMENDATION
PAGE - 1

On November 6, 2008, petitioner submitted an amended federal habeas petition to the Court for review. In his amended petition, petitioner again identifies the conviction under attack as his May 2004 Snohomish County Superior Court conviction. And, again, petitioner makes no showing that he is "in custody" for purposes of challenging that conviction.[1]

As the Court explained to petitioner in its prior order, a writ of habeas corpus may issue only upon a finding that a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The United States Supreme Court has interpreted this statutory language as requiring that a federal habeas petitioner be "in custody" under the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-491 (1989). Once a petitioner's sentence has fully expired, he is precluded from challenging that sentence because he is no longer "in custody" for purposes of federal habeas review. *Id.*; *Brock v. Weston*, 31 F.3d 887, 889-90 (9th Cir. 1994). It appears from the record before this Court that petitioner's sentence on the conviction which he seeks to challenge in this federal habeas proceeding has expired. Petitioner offers no information in his amended habeas petition which suggests to the contrary.

As petitioner is apparently no longer in custody on the conviction which he seeks to challenge in this federal habeas proceeding, his claims are not eligible for review here. Accordingly, this Court

---

[1] Petitioner also fails to identify a proper respondent in his amended petition. The Court advised petitioner in its prior order that a petitioner for habeas corpus relief must name the state officer having custody of him as the respondent to the petition. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). The Court further advised petitioner that this person typically is the warden of the facility in which the petitioner is incarcerated. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891 (9th Cir. 1996). Despite this guidance, petitioner identified the facility at which he is incarcerated rather than the warden of the facility as the respondent in his amended petition.

REPORT AND RECOMMENDATION
PAGE - 2

recommends that petitioner's amended federal habeas petition be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 1st day of December, 2008.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3