UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEMETRIUS TRE WILLIAMS,

    Petitioner,

v.

WASHINGTON STATE PENITENTIARY,

    Respondent.

CASE NO. C08-1488-JCC-BAT

ORDER DISMISSING § 2254 PETITION WITH PREJUDICE

The Court, having reviewed petitioner's amended petition for writ of habeas corpus, the Report and Recommendation of Brian A. Tsuchida, United States Magistrate Judge, and the remaining record, hereby finds and rules as follows.

## I. BACKGROUND

On October 7, 2008, petitioner submitted to this Court a petition for writ of habeas corpus. (Dkt. No. 1-2.) Magistrate Judge Tsuchida declined to serve the petition because it was defective in two critical respects. (Dkt. No. 8.) First, the petition claimed to be challenging a May 2004 conviction for which he was sentenced to only forty-three months; in that respect, the petition failed to demonstrate that petitioner was still "in custody" for the conviction being attacked. (*Id.* at 1 (*citing Maleng v. Cook*, 490 U.S. 488, 490–91).) Second, the petition named "Washington State" as the respondent in the action, whereas a proper habeas petition should name as respondent the state officer who has custody over the petitioner. (*Id.* at 2 (*citing Rumsfeld v. Padilla*, 542 U.S. 426, 434–35

ORDER DISMISSING § 2254
PETITION WITH PREJUDICE    1

(2004).) In light of these defects, Judge Tsuchida declined to serve the petition, but granted petitioner leave to amend the petition within thirty days. (*Id.*)

On November 6, 2008, petitioner submitted an amended habeas petition with the exact same deficiencies. (Dkt. No. 9.) The newly filed petition again identified the May 2004 conviction as the conviction under attack and again made no effort to show that he was still "in custody" under the forty-three-month sentence imposed for that conviction. (*Id.* at 1.) Furthermore, petitioner named "Washington State Penitentiary" as the respondent, even though the § 2254 form clearly indicated that the respondent should be the "authorized *person* having custody of petitioner." (*Id.* (emphasis added).) Judge Tsuchida concluded from the record that the conviction under attack had expired and noted that petitioner had offered no information in the amended petition to suggest to the contrary. (Report and Recommendation 2 (Dkt. No. 10).) Accordingly, Judge Tsuchida recommended that petitioner's amended federal habeas petition be dismissed with prejudice. (*Id.* at 3.)

After Judge Tsuchida issued his Report and Recommendation, petitioner submitted a letter on December 26, 2008, explaining that he was "still trying to understand the questions your [sic] asking," and asking for "more time and the help to figure out the terms of laguage [sic] bein [sic] used." (Letter 1 (Dkt. No. 12).) The letter claimed that "Mr. Williams was picked up on May 9th 2008 to finish out the time that he filed the writ of habeas corpus on." (*Id.*) Yet the letter also stated that "Mr. Williams lost his appeal, Mr. Williams got arrestt [sic] after a court hearing stating he had to serve the 43 months . . . ." (*Id.*) Petitioner asked for a new form to amend his petition, and one was mailed to him. (*Id.*)

On January 20, 2009, petitioner submitted another letter, this one framed as a "Motion for Extension of Time." (Dkt. No. 13.) The motion explains that he was to be moved from Walla Walla to Monroe and that this move might interfere with his ability to file a second amended form, if the Court granted leave to do so. (*Id.*)

ORDER DISMISSING § 2254
PETITION WITH PREJUDICE                2

## II. DISCUSSION

The United States district courts only have jurisdiction to entertain petitions for habeas relief if the petitioner is "in custody" under the conviction or sentence under attack at the time his petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). In other words, once a conviction has fully expired, it cannot be challenged through § 2254, even if the person convicted has since been re-arrested and is in custody under a difference conviction. As Judge Tsuchida correctly found, neither petition filed in this case explains how petitioner is still "in custody" under the challenged conviction, for which a forty-three-month sentence was imposed in 2004. Judge Tsuchida's original order clearly explained the problem:

> While it appears that petitioner is currently in custody, it is not clear from the petition that petitioner is currently in custody with respect to the conviction he seeks to challenge. If, in fact, petitioner's sentence for his challenged conviction has expired, he may not challenge that conviction in this action.

(Dkt. No. 8 at 2.) Despite this clear explanation of the petition's defect, petitioner filed an amended petition with the exact same problem. (Dkt. No. 9.)

Moreover, since Judge Tsuchida issued his Report and Recommendation, petitioner has submitted two more letters, neither of which has provided any facts to help resolve this jurisdictional defect. In his first letter, petitioner states, without explanation, that he "was picked up on May 9th 2008 to finish out his time that he filed the writ of habeas corpus on." (Dkt. No. 12 at 1.) However, the letter also states that petitioner was arrested again *after* receiving the forty-three-month sentence (*id.*), further suggesting that he is in custody for a different conviction than the one challenged.

Almost five months have elapsed since petitioner filed his first defective petition, and he has had ample opportunity to address the defects that have been repeatedly brought to his attention. In light of the petition's defects and petitioner's excessive delay in addressing these issues, the Court agrees with Magistrate Judge Tsuchida that the petition should be dismissed with prejudice.

ORDER DISMISSING § 2254
PETITION WITH PREJUDICE                3

**III.	ORDER**

For the reasons explained herein, the Court does hereby find and Order:

(1) The Court adopts the Report and Recommendation.

(2) Petitioner's amended federal habeas petition and this action are DISMISSED with prejudice.

(3) Petitioner's motion for extension of time (Dkt. No. 13) is DENIED AS MOOT.

(4) The Clerk is directed to send copies of this Order to petitioner and to Judge Tsuchida.

DATED this 5th day of March, 2009.

JOHN C. COUGHENOUR
United States District Judge